IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

DEON A. STEWART,

          Plaintiff,

vs.

KELLY STEENBOCK,

          Defendant.

8:24CV44

MEMORANDUM AND ORDER

This matter is before the Court on a letter from Plaintiff to the Clerk of the Court which the Court docketed as a motion on February 20, 2024, Filing No. 5 (hereinafter "letter motion"), and Plaintiff's Motion for Leave to Proceed in Forma Pauperis ("IFP"), Filing No. 6. Addressing Plaintiff's IFP Motion first, the Court has received a copy of Plaintiff's trust account information, Filing No. 7, and Plaintiff is permitted to proceed IFP.

Prisoner plaintiffs are required to pay the full amount of the Court's $350.00 filing fee by making monthly payments to the Court, even if the prisoner is proceeding IFP. 28 U.S.C. § 1915(b). The Prison Litigation Reform Act "makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal." *In re Tyler*, 110 F.3d 528, 529–30 (8th Cir. 1997); *Jackson v. N.P. Dodge Realty Co.*, 173 F. Supp. 2d 951 (D. Neb. 2001).

Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff must pay an initial partial filing fee in the amount of 20 percent of the greater of Plaintiff's average monthly account balance or average monthly deposits for the six months preceding the filing of the Complaint. Here, the Court finds the initial partial filing fee is $77.27, based on average monthly

deposits in the amount of $386.35. On February 22, 2024, the Court applied $13.00 toward the filing fee in this case as the result of an overpayment Plaintiff made in one of his other cases (8:24CV39). Accordingly, Plaintiff must pay the remaining balance of $64.27 for his initial partial filing fee within 30 days or his case will be subject to dismissal. Plaintiff may request an extension of time if one is needed.

In addition to the initial partial filing fee, Plaintiff must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). The statute places the burden on the prisoner's institution to collect the additional monthly payments and forward them to the Court as follows:

> After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). Therefore, after payment in full of the initial partial filing fee, Plaintiff's institution must collect the remaining installments of the filing fee and forward the payments to the Court.

Plaintiff is advised he will remain responsible for the entire filing fee, as long as he is a prisoner, even if the case is dismissed at some later time. *See In re Tyler*, 110 F.3d at 529–30; *Jackson*, 173 F. Supp. 2d at 951.

Finally, in Plaintiff's letter motion, which is difficult to decipher, Plaintiff appears to ask for relief from the Court because Plaintiff has sent in his filing fee payment as the Court directed, *see* Filing No. 4. The only payment received in this case, as mentioned above, was the $13.00 overpayment from Plaintiff's other case. As Plaintiff must pay

2

the remainder of his initial partial filing fee before this case will proceed, Plaintiff's letter motion, Filing No. 5, is denied.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Motion for Leave to Proceed IFP, Filing No. 6, is granted.

2. Plaintiff must pay his remaining initial partial filing of $64.27 within 30 days unless the Court extends the time in which he has to pay in response to a written motion.

3. After payment of the initial partial filing fee, Plaintiff's institution must collect the additional monthly payments in the manner set forth in 28 U.S.C. § 1915(b)(2), quoted above, and forward those payments to the Court.

4. The Clerk's office is directed to send a copy of this order to the appropriate official at Plaintiff's institution.

5. The Clerk's office is directed to set a pro se case management deadline in this case using the following text: **April 8, 2024**: initial partial filing fee payment due.

6. Plaintiff is advised that, following payment of the initial partial filing fee, the next step in Plaintiff's case will be for the Court to conduct an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2). The Court will conduct this initial review in its normal course of business.

7. Plaintiff's letter motion, Filing No. 5, is denied.

Dated this 8th day of March, 2024.

BY THE COURT:

*[signature]*

Joseph F. Bataillon
Senior United States District Judge