IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DEON A. STEWART,<br><br>              Plaintiff,<br><br>vs.<br><br>KELLY STEENBOCK,<br><br>              Defendant. | **8:24CV44**<br><br>**MEMORANDUM AND ORDER** |

Plaintiff Deon A. Stewart ("Plaintiff"), a prisoner proceeding pro se, filed a Complaint on April 11, 2023 (the "Initial Complaint"). Filing No. 1. Leave to proceed in forma pauperis was granted on March 8, 2024. Filing No. 8.

The Court now conducts an initial review of the Amended Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e)(2) and 1915A(a) and, for the reasons set forth below, finds that the Complaint fails to state a claim on which relief may be granted and therefore shall be dismissed without prejudice.

**I. SUMMARY OF COMPLAINT**

Plaintiff a prisoner currently incarcerated at the Lincoln Reception and Treatment Center, Filing No. 1 at 2, filed a 42 U.S.C. § 1983 action alleging claims arising under the Fifth and Eighth Amendment and naming Kelly Steenbock, "lawyer and public defender," as the sole defendant. *Id.* at 2–3. As relief, Plaintiff seeks immediate release from incarceration, a reduction of his sentence, or a transfer to the Lincoln Regional Center. *Id.* at 5. Immediately following his Complaint Plaintiff lists various criminal cases brought against him and statements which appear to relate to the unconstitutionality of his convictions and/or sentences in those cases. *Id.* at 12–16.

## II. APPLICABLE STANDARDS ON INIITAL REVIEW

The Court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. See 28 U.S.C. §§ 1915(e) and 1915A. The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

## III. DISCUSSION

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993).

Relief under 42 U.S.C. § 1983 is limited to monetary damages and orders correcting the violation at issue. See Farner v. Duncan, No. 16-CV-310-NJR, 2016 WL 3254519, at *4 (S.D. Ill. June 14, 2016) (citing 18 U.S.C. § 3626(g)(9), (g)(7); Rowe v. Jones, 483 F.3d 791, 795 (11th Cir. 2007)). Forms of relief that call into question the validity of a conviction and/or sentence as well as release from incarceration are not available under § 1983, and instead are appropriate in a habeas proceeding. See Heck v. Humphrey, 512 U.S. 477, 486–87 (1994).

Here, the relief sought by Plaintiff of a release from incarceration, a reduction of his sentence, or a transfer to the Lincoln Regional Center is not available to him under

42 U.S.C. § 1983. Moreover, as Plaintiff only challenges the validity of his criminal conviction and sentence, "whether it be by prosecutorial misconduct, . . . ineffective assistance of counsel, or other grounds," a habeas corpus action is the appropriate platform on which to proceed, not § 1983. *Morris-Bey v. 5 Semi-Unknown St. Louis Metro. City Police Officers*, No. 4:07-CV-1814, 2009 WL 724010, at *3 (E.D. Mo. Mar. 13, 2009) (citation omitted).[1] IT IS THEREFORE ORDERED that:

1. As Plaintiff seeks only a reduction in his sentence, reversal of his convictions, release from incarceration, or transfer to another facility, and as Plaintiff's allegations in the Complaint only challenges his conviction and sentence, his Complaint, Filing No. 1, cannot proceed and is therefore dismissed without prejudice.

2. To the extent Plaintiff seeks to file a petition for writ of habeas corpus, the Clerk's Office is directed to send to Plaintiff a copy of Form AO241.

3. A separate judgment of dismissal will be entered in accordance with this Memorandum and Order.

---

[1] Even if Plaintiff was seeking appropriate relief under 42 U.S.C. § 1983, his claims against Steenbock could not proceed. As stated above, 42 U.S.C. § 1983 specifically provides a cause of action against a person who, under color of state law, violates another's federal rights. *West*, 487 U.S. at 48. "[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981). Indeed, when a public defender represents an indigent defendant in a state criminal proceeding, he is "not acting on behalf of the State; he is the State's adversary." *Id.* at 322 n.13. While a § 1983 claim may be brought against a public defender, or any other private individual, if he or she conspires with a state actor to deprive an individual of a federally-protected right, *Manis v. Sterling*, 862 F.2d 679, 681 (8th Cir. 1988), the Complaint's allegations in no way suggest a plausible conspiracy claim between Steenbock and a state actor. Thus, Plaintiff's Complaint fails to state a claim for which relief may be granted against Steenbock.

Dated this 18th day of October, 2024.

BY THE COURT:

*signature*

Joseph F. Bataillon
Senior United States District Judge